977 F.2d 593
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Digna LOPEZ, Defendant-Appellant.
 No. 92-50040.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 15, 1992.*
Decided Oct. 7, 1992.
 
 Before WIGGINS, KOZINSKI and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Digna Lopez appeals her conviction, following a jury trial, for transfer of false identification documents in violation of 18 U.S.C. § 1028(a)(2), and possession of false identification documents in violation of 18 U.S.C. § 1028(a)(3), arguing that the prosecutor improperly vouched for the credibility of a government witness. We affirm.
 
 
 3
 Lopez argues that the prosecutor, during rebuttal argument, improperly vouched for the credibility of a government witness. Defense counsel argued that the government's paid confidential informant ("CI") was lying in order to please the INS and thereby secure future paid work. The prosecutor, in rebuttal, responded:
 
 
 4
 Does it make sense that [the CI] would get up there and perjure himself for five hundred bucks? If he did, wouldn't he be burning his own bridges? If he got up there and lied, don't you think that he'd think he'd never get another job with the government? Because that would be true.
 
 
 5
 Defense counsel did not object to the statement at the time.
 
 
 6
 The applicable standard of review is plain error. United States v. Molina, 934 F.2d 1440, 1444 (9th Cir.1991). We must review "in the context of the entire record," id., and reverse "solely in those circumstances in which a miscarriage of justice would otherwise result." Molina at 1444, quoting from United States v. Young, 470 U.S. 1, 15 (1985).
 
 
 7
 The prosecutor did not, in so many words, vouch for the CI, in the sense of suggesting to the jury that he knew the CI was telling the truth. While this inference is possible, it is not the only inference to be drawn. If the words were objectionable because of this possible inference, the fault could easily have been cured had objection been made. The nonobviousness of the vouching inference suggests that the plain error standard was not met. A miscarriage of justice probably did not take place, where the injustice if any consists of an inference which would probably not even be drawn by the jurors.
 
 
 8
 The legitimate argument which the words conveyed was that the CI had a pecuniary interest in telling the truth, not just a pecuniary interest in getting convictions. Considered in the context of defense counsel's attack, the argument was analogous to referring to the truthfulness requirement in a plea agreement, after a defendant attacks a witness's credibility with the argument that the witness is trading testimony for lenience, and would lie to get lenience. Cf. United States v. Wallace, 848 F.2d 1464, 1474 (9th Cir.1988). The prosecutor was suggesting a legitimate inference from the CI's pecuniary interest. A prosecutor may argue reasonable inferences based on the evidence. United States v. Molina, 934 F.2d 1440 (9th Cir.1991).
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); and 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3